## WASHINGTON LIFE INS. CO. v. CLARK et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. DECEDENT'S MORTGAGE—FORECLOSURE—DISPOSITION OF SURPLUS—PAYMENT
INTO SURROGATE'S COURT—EX PARTE ORDER.

    Code Civ. Proc. § 2798, provides that where real property liable for a
decedent's debts, etc., is sold to satisfy a mortgage or other lien thereon
which accrued during the decedent's lifetime, and letters of administra-
tion had been, within four years before the sale, issued, the surplus money
must be paid into the surrogate's court, etc. In an action to foreclose
a mortgage executed by a decedent, judgment of foreclosure was duly
granted, pursuant to which the mortgaged property was sold, and the
surplus deposited with the county treasurer. *Held* error to grant an ex
parte order at the instance of a creditor of the deceased, himself not a
party to the action, directing the county treasurer to pay over the surplus
into the surrogate's court; it appearing that there was a second mortgage
on the premises, and several mechanics' liens, actions to foreclose which
were pending, and the holders thereof being parties to this action; they
and all the other parties affected by the order being entitled to a hearing.

Appeal from special term, Westchester county.

Action to foreclose a mortgage, brought by the Washington Life
Insurance Company against Mary S. Clark and others. Judgment
of foreclosure and sale, which was had, and the surplus deposited
with the county treasurer. From an order requiring the treasurer
to pay over such surplus to the city chamberlain of the city of New
York, Edwin T. Eggleston and Charles W. Leavitt, Jr., defendants
in the action, appeal; and from an order denying a motion to vacate
said order, John B. Saxton, as administrator, another defendant, and
John G. Hemerich, appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

James M. Hunt, for appellant Eggleston.
Louis V. Booraem, for appellant Leavitt.
Abraham Benedict, for appellant Sexton, as administrator.
Samuel F. Jacobs, for appellant Hemerich.
Theodore H. Silkman, for respondent John R. Davies.

HIRSCHBERG, J. This action is brought for the foreclosure
of a mortgage and the sale of the mortgaged property,—real estate
situated in Westchester county. The mortgage was executed by
William H. Clark, who thereafter, and before the commencement of
this action, died intestate. Letters of administration were issued up-
on Clark's estate by the surrogate of New York county to the de-
fendant Mary S. Clark, his widow, and the appellant John B. Sexton.
There appear to be 14 defendants in the action, but nothing in the
papers presented serves to indicate who, if any, has appeared and
answered. Judgment of foreclosure and sale was duly granted and
entered on or about October 28, 1901, pursuant to which the mort-
gaged property was sold, and the sum of $123,148.32, surplus money,
deposited with the county treasurer of Westchester county. On
the subsequent application of the administrators, or of one of them,
and upon notice, an order of the supreme court was duly granted,

appointing a referee in the action in proceedings for the distribution of the surplus money. Two of the defendants, viz., the appellants Eggleston and Leavitt, had filed notices of mechanic's lien affecting the property in question before the commencement of this action, and a suit for the foreclosure of Eggleston's lien commenced before this action was pending in the supreme court at the time of the entry of the judgment herein, and that suit is still pending and undetermined. A second mortgage upon the premises in question appears to have been executed by Mr. Clark to one of the defendants; and at the time of the granting of the first order, which is the subject of this appeal, an action in the supreme court was pending, and is still pending, for the foreclosure of that mortgage, which action is brought in the name of the appellant Hemerich, who is not a defendant in this action, but who claims to own the mortgage by virtue of an assignment from the mortgagee defendant. The liens and second mortgage amount together to considerably more than one-half of the surplus money. On the 17th of April, 1902, the respondent John R. Davies, who is not a party to the action, made affidavit to the effect that he was a creditor of the deceased, and that there was not sufficient personal property of the estate with which to pay the creditors' claims, upon which affidavit he procured an order at special term requiring the county treasurer of Westchester county to show cause why an order should not be made directing him to pay over the surplus fund into the surrogate's court of New York county, to be deposited with the city chamberlain of the city of New York, in accordance with section 2798 of the Code of Civil Procedure; and on the return of that order, the county treasurer appearing, but not opposing, the first order appealed from was granted, dated April 19, 1902, directing the payment and transfer of the surplus money in accordance with the terms of the order to show cause. The attorney for the defendant Eggleston chancing thereafter to learn of these ex parte proceedings, an application was made to the court in his client's behalf, and an order obtained, requiring Davies, the alleged creditor, to show cause why the order which he had secured should not be vacated and set aside, and on the return of this order to show cause the second order appealed from was granted, dated June 21, 1902, denying the motion to vacate, and renewing the direction that the entire surplus fund of $123,148.32 should be transferred from the custody and jurisdiction of the supreme court to the custody of the city chamberlain, and to the jurisdiction of the surrogate's court of New York county.

The statement of facts should be sufficient to condemn the proceedings under review. The judgment of the supreme court in this action has not been modified in any degree, and the provision by which the fund was required to be deposited with the county treasurer remains in full force and effect. No party to the action has been cited or heard in his own behalf on the hearing or determination of either motion, excepting in so far as that statement may be modified by the fact that the second motion was instituted by the defendant Eggleston. Aside from the question of the mechanics' liens and the statutory liens of the creditors, if there are any, the effect of the

orders is to transfer a fund which represents the real estate covered by the second mortgage now in process of foreclosure in the supreme court to another jurisdiction, from which it can never be recovered by any known lawful process, and to do this without the knowledge of any one who is a party to that action. Whether or not the judgment correctly provided for the deposit of the surplus with the county treasurer is of no consequence on this appeal. The consideration of that question requires the presence and the hearing of every party who is entitled to a day in court, and who may be affected by the determination. If the judgment is erroneous, the law affords ample provision for its lawful correction, and no jurisdiction exists in the court for that purpose which can be successfully invoked by a stranger ex parte.

The order of June 21, 1902, should be reversed, with $10 costs and disbursements, and the motion to vacate and set aside the order of April 19, 1902, granted, with costs. All concur.